No. 29,373.

JUDGE COPE, Administrator of the Estate of Rachel E. Ricketts, Deceased, *Appellee,* v. CHARLES DESMOND RICKETTS et al., *Appellants.*

(288 Pac. 591.)

Opinion filed June 7, 1930.

*G. H. Lamb* and *W. E. Hogueland,* both of Yates Center, for the appellants.
*F. J. Oyler* and *G. R. Gard,* both of Iola, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover on a certificate of deposit issued by the State Exchange Bank of Yates Center to Charles Desmond Ricketts in the name of Rachel E. Ricketts, and collected by Charles Desmond Ricketts through the Commercial State Bank. Judgment was rendered in favor of the plaintiff, and the defendants appeal.

Judgment was rendered on the pleadings and the opening statement of counsel for the defendants. The petition in substance alleged that Rachel E. Ricketts had died; that before her death the certificate of deposit had been .issued to her by the State Exchange Bank of Yates Center in the sum of $600, and that after her death the defendant Charles Desmond Ricketts presented the certificate to the Commercial State Bank, which with knowledge that the certificate belonged to Rachel E. Ricketts, paid the same to Charles Desmond Ricketts. The answer in substance alleged that Charles Desmond Ricketts was the owner and holder of the certificate of deposit. The trial statement of the defendants showed that J. M. Ricketts, the husband of Rachel E'. Ricketts, had died some years previous to the commencement of this litigation; that he owned land in Wilson county in which he devised a life estate to his wife and after his death the fee thereof to his children and grandchildren, describing the land that was to go to each; that the part of the land

so devised to Charles Desmond Ricketts, who was a son of J. M. Ricketts, had a house and other improvements on it; that J. M. Ricketts had procured a policy of insurance on the house in the sum of $1,200; that after his death the house burned and the insurance was collected by Charles Desmond Ricketts; that after consultation with different members of the family, it was determined the proceeds from the insurance should be deposited in banks and the interest thereon should be paid to Rachel E. Ricketts; that the money was deposited, $600 in the Commercial State Bank of Yates Center and $600 in the State Exchange Bank of Yates Center; that the interest on the $600 deposited in the State Exchange Bank was paid to Rachel E. Ricketts; that the certificate of deposit was renewed by Charles Desmond Ricketts a number of times, but each time it was renewed in the name of Rachel E. Ricketts, and possession of all the certificates was always held by Charles Desmond Ricketts; that Rachel E. Ricketts died, and a few days thereafter Charles Desmond Ricketts presented to the Commercial State Bank of Yates Center the certificate of deposit issued by the State Exchange Bank, indorsed his name on the back of it, and received the money for it; and that at the time of the trial these words appeared about an inch below the indorsement of Charles Desmond Ricketts, "Executor of estate of Mrs. Rachel E. Ricketts." Counsel stated, "How those words got there or who put them there, counsel for the defendant Ricketts does not know." Charles Desmond Ricketts was not the executor of the estate of Rachel E. Ricketts; Judge Cope has been appointed and was the administrator of her estate.

The pleadings put the ownership of the certificate of deposit directly in issue. The trial statement of counsel for the defendants did not admit that the ownership was in Rachel E. Ricketts unless the facts shown by that statement placed the ownership in her. This compels a consideration of the facts shown by the trial statement and of the law applicable to them. Rachel E. Ricketts had a life estate in the real property when the house was burned. Charles Desmond Ricketts was the owner of the remainder, which included the fee.

In 21 C. J. 955 it is said:

"If a building is already insured prior to the creation of the life estate and is afterward totally destroyed, the property is in effect converted into personalty and the tenant for life is entitled to the income of the insurance money for his life and the reversioner to the principal after the tenant's death."

The headnote to *Graham v. Roberts*, 43 N. C. 99, reads:

"Where premises devised to A for life, remainder to B, are insured, and after the testator's death, are consumed by fire and the insurance paid: *Held*, That A, the tenant for life, is entitled to the interest on the insurance money, in lieu of her right to the premises devised, during her life, and, after her death, the principal is to be paid to B, the remainderman; that the executors are not authorized to pay the money to A, but it is their duty to keep it secure, paying to A the interest annually, and that the premiums of insurance are a proper charge against A and B."

Another case is *Haxall v. Shippen*, 37 Va. (10 Leigh) 536, where the court used the following language:

"Testator, having insured his dwelling house against loss by fire, by a covenant of assurance to himself, his heirs and assigns, devises the same tenement and the farm on which he lived, to his wife for life, remainder to his two daughters in fee; the house is burnt down during the life of the wife; she receives the insurance money, and, without the concurrence of the devisees in remainder, expends it in the building of a new house on the premises; and then dies, leaving the new house standing, which devolves with the farm to the devisees in remainder, who are then both *femes covert*, and they and their husbands both survive the tenant for life: *Held*, . . . That the tenant for life had a right to receive the insurance money; but when received, it was mere personal estate, of which she had a right to the use for life, and her daughters to the remainder; and upon the marriage of the daughters, the marital rights of their husbands attached to it, as to any other personalty to which their wives were entitled in remainder."

See, also, *Clark v. Leverett*, 159 Ga. 487; *Convis v. Citizens' Mutual Fire Ins. Co.*, 127 Mich. 616, 623; *Sampson v. Grogan*, 21 R. I. 174, 186; *Clyburn v. Reynolds*, 31 S. C. 91, 119; *Green v. Green*, 50 S. C. 514, 532, 533; 7 Cooley's Briefs on Insurance, 2d ed., 6262; 11 Harvard Law Review, 519, 520.

According to the trial statement, the insurance money belonged to Charles Desmond Ricketts. It was his money when it was deposited in the State Exchange Bank. Under the life estate, it may be conceded that Rachel E. Ricketts was entitled to the interest arising from the insurance money. With that concession, Charles Desmond Ricketts would be the owner of the money, but would be compelled to account to Rachel E. Ricketts for the interest arising therefrom. She received that interest. Rachel E. Ricketts could not become the owner of the money unless Charles Desmond Ricketts made a gift of it to her. If he undertook to make a gift of the money to her, it was never completed because Charles Desmond Ricketts never delivered any of the certificates of deposit to her. He retained possession of them all the time. The money being his

when it was paid by the insurance company, and no gift ever having been made by him to Rachel E. Ricketts, she was not entitled to receive the principal of the certificate of deposit. The ownership of the certificate was directly in issue. The trial statement of counsel for the defendants did not confess that the ownership of the certificate had at any time been in Rachel E. Ricketts. It was error for the court to render judgment in favor of the plaintiff on the pleadings and the trial statement of the defendants.

The judgment is reversed, and a new trial is directed.